Grossi Brothers, Inc., Appellee, v. Doctor Jay Schmidt, Appellant.

Gen. No. 49,009.

First District, Third Division.
October 23, 1963.

Jay T. Frank, of Chicago, for appellant.

Philip Conley, of Chicago, for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

This is an appeal from a judgment of the Municipal Court of Chicago in favor of the plaintiff, Grossi Brothers, Inc., and against the defendant, Doctor Jay Schmidt, in the sum of $750.

A statement of claim was filed October 22, 1958, which alleges that the defendant had purchased from the plaintiff certain furniture, etc., and had agreed to pay therefor the sum of $801.67; that the merchandise was delivered and accepted by the defendant; and that the defendant has not made any payment for the same. The defendant filed an answer in which he admits that he received merchandise from the plaintiff, but denies that he had agreed to pay $801.67, but states that the price was $601.67. With his defense the defendant filed a counterclaim. On May 10, 1961 the trial court entered an ex parte judgment for plaintiff in the sum of $1,000 and dismissed the defendant's counterclaim.

On May 24, 1962 an order was entered in the Municipal Court of Chicago which recited, among other things, that the defendant had moved to vacate the ex parte judgment of May 10, 1961, and the court sustained the motion and vacated the judgment. The order further recites: "Now come the parties to this cause and thereupon this cause comes on in regular course for trial before the Court without a jury and the Court having heard the evidence and the arguments of counsel, and being fully advised in the premises, . . ." the court finds against the defendant and assesses the plaintiff's damages at $750, and enters judgment thereupon. The order further provides: "It is further ordered by the Court that the trial as to balance be and the same is hereby transferred to Room 914, June 25th, 1962 at 2:00 o'clock p. m. No Progress Call."

On June 12, 1962 the defendant filed a motion asking the court to vacate its judgment of May 24, 1962. In that motion he alleges that judgment was entered in favor of the plaintiff after the court had previously vacated the prior judgment of May 10th; "that the Motion of the Plaintiff to strike the Defendant's counter claim and request for Judgment were made without any notice to the Defendant Counter-Plaintiff herein"; and that the judgment entered on May 24th was improper because of the lack of notice. On June 18, 1962 a further motion was filed by the defendant in which he reiterated the grounds set up in the prior motion and further states that under the rules of court "Motion for Judgment on the pleadings on summary Judgment must be made only with notice," that no notice was given and hence the judgment should be vacated. These motions were overruled by the trial court.

On July 20, 1962 the defendant filed a notice of appeal in the trial court, which is as follows:

> "DOCTOR JAY SCHMIDT, Defendant and appellant in this cause, does hereby appeal from the order entered in this cause on May 24, 1962, dismissing the Contract Suit.
>
> "DOCTOR JAY SCHMIDT, Defendant and appellant, prays that the above order be reversed and that a finding be made in his favor and against the Plaintiff, and that he be permitted to have his day in Court."

In this court the defendant urges that the trial court erred in entering judgment for the plaintiff without notice. The notice of appeal states that this is an appeal from an order "dismissing the Contract Suit," which order we have been unable to find in the record. Under the Practice Act the notice of appeal is jurisdictional and a reviewing court cannot go beyond

it. In his argument in this court the defendant labors under the misapprehension that the judgment entered on May 24th dismissed the counterclaim of the defendant. That counterclaim was dismissed in the judgment order of the court entered on May 10th. No motion to vacate that particular order was made subsequently by the defendant. In none of his motions does he object to the trial court's dismissal of his counterclaim. Nor is there any reference made to the order dismissing the counterclaim in the judgment order of the court denying the motion of the defendant to vacate the judgment of May 10th.

██ The further contention of the defendant that the trial court erred in entering judgment without notice to the defendant is frivolous. In the first place this court is bound by the record from the Municipal Court. The judgment, according to that record, was not a judgment on the pleadings inasmuch as the judgment order of May 24th recites, "Now come the parties to this cause and thereupon this cause comes on in regular course for trial before the Court without a jury and the Court having heard the evidence and the arguments of counsel, and being fully advised in the premises, enters the following finding, to wit: . . . ." There seems to be no question that at the time the judgment order of May 24th was entered either the defendant or his counsel, or both, were present in the court. Section 45 of Rule 1 of the Municipal Court of Chicago provides in part: "After rulings on motions, the court may enter appropriate orders either to permit or require pleading over or amending or to terminate the litigation in whole or in part." The trial court had a right to enter the judgment here complained of.

██ Rule 1(1)(c) of this court provides that the report of proceedings shall be certified and filed in the trial court within 50 days after the filing of the

231

notice of appeal. In this case the notice of appeal was filed July 20, 1962. The 50-day period expired on September 8, 1962. There is a further provision in the rule that on application made before the expiration of the original period the trial court may extend the time for filing the same and that the extension, or extensions, of time granted in the trial court shall not exceed in the aggregate a period of 45 days from the last day fixed by this rule for filing the report of proceedings. The trial court on the motion of defendant on September 17th entered the following order: "The Defendant-Appellant, JAY SCHMIDT, is hereby granted 45 days extension for filing the Record of Appeal on the above captioned matter, until November 2, 1962." On September 17th the trial court had no jurisdiction to enter such an order since the record shows application was made after the expiration of the original 50 days allowed by the rule to file the report of proceedings. The defendant later came in and had the court enter an order correcting the order of September 17th to read "Report of Proceedings" instead of "Record of Appeal." The rule provides that application must be made within the original 50-day period. This was not done, and in any case the trial court was in error in extending the time for filing the report of proceedings to November 2nd. The utmost extension which could have been allowed by the court under the rule would have expired on October 23rd. The record shows that the report of proceedings was filed on October 23rd. That fact is if no aid to the defendant since the trial court had no power to enter the order extending the period for filing the report of proceedings on application made after September 8, 1962. Hambley v. Conroy, 11 Ill App2d 568, 138 NE2d 64, is controlling on this question. The court there stated:

"The report of proceedings was not filed within the prescribed time nor was any motion for further extension filed within that period. However, a motion for further extension was filed in the trial court on June 12, 1956, and an order was entered on that date purporting to grant further extension of time.

"The court was without power to extend the time for filing a report of proceedings upon the application made after the time had already expired. Lukas v. Lukas, 381 Ill 429. The rule specifically requires that an application for such extension must be made 'before the expiration of the original or extended period.' App Ct Rule 1(c); Sup Ct Rule 36(1)(c) [Ill Rev Stats 1955, ch 110, § 101.36, subd (1)(c)]."

In that case the court on the authority of Lukas v. Lukas, supra, affirmed the judgment on the ground that there were no questions presented by the record which may be reviewed by the Appellate Court.

■ Another objection to the appeal in this court is that the judgment entered by the trial court on May 24th was not a final and appealable order. That order, after the finding of the court, has the following recital:

"This cause coming on for further proceedings herein, it is considered by the Court that partial judgment be entered on the finding herein and that the plaintiff have and recover of and from the defendant, DR. JAY SCHMIDT, the damages of the plaintiff amounting to the sum of SEVEN HUNDRED FIFTY AND NO/100 DOLLARS ($750.00) in form as aforesaid assessed, together with the costs by the plaintiff herein expended and that execution issue therefor.

"It is further ordered by the Court that the trial as to balance be and the same is hereby transferred to Room 914, June 25th, 1962 at 2:00 o'clock p. m.

"No Progress Call."

Under the provisions of section 50(2) of the Civil Practice Act (Ill Rev Stats c 110, § 50(2)) such an order is not a final or appealable order. Ariola v. Nigro, 13 Ill2d 200, 148 NE2d 787; Hanley v. Hanley, 13 Ill2d 209, 148 NE2d 792; Getzelman v. Koehler, 14 Ill2d 396, 152 NE2d 833; Bohannon v. Joseph T. Ryerson & Sons, Inc., 15 Ill2d 470, 155 NE2d 585; Weidler v. Westinghouse Elec. Corp., 37 Ill App2d 95, 185 NE2d 100.

The appeal is dismissed.

Appeal dismissed.

SCHWARTZ, P. J. and DEMPSEY, J., concur.