R. E. WANLAND *et al.*, Plaintiffs-Appellants, *v.* CHARLES T. O'CONNELL *et al.*, Defendants-Third Party Plaintiffs-Appellees—(RAYMOND E. LEIDE, Third Party Defendant.)

(No. 52203; )

First District—October 30, 1970.

John Blase Meccia, of Chicago, (Philip J. McGuire, of counsel,) for appellants.

McLennon, McLennon & Nelson, of Park Ridge, (Richard A. Nelson, of counsel,) for appellees.

Mr. PRESIDING JUSTICE McCORMICK delivered the opinion of the court:

This appeal is taken from an order allowing defendants' motion for summary judgment and sustaining a third party defendant's motion to dismiss the third party complaint.

On September 15, 1965, Charles and Katherine O'Connell [defendants] listed with Wanland Realty [plaintiffs] as real estate brokers, their residence commonly known as 4909 West Catalpa Avenue, Chicago. A listing service agreement was signed by both plaintiffs and defendants which provided the terms under which plaintiffs would receive a real estate broker's commission in an amount to be determined by Chicago Real Estate Board's applicable rate. The agreement gave plaintiffs 90 days as exclusive agents to try to sell the residence for $25,900.

Eleven days after signing the agreement the plaintiffs submitted to defendants a written agreement for purchase of the real estate by Raymond Leide [third party defendant]. The agreement was signed by the defendants as sellers, and by the plaintiffs as broker and escrowee of the earnest money in the amount of $2,600. The agreement provided for a purchase price of $25,900, with an additional $500 due on October 1, 1965, and another $2,100 due on October 26, 1965.

The contract was conditioned upon Leide's obtaining mortgage financing in the amount of $20,720, amortized over 25 years with not more than a 5¾ per cent interest rate and a 1 per cent mortgage commission, before October 6, 1965. Leide failed to meet his $500 payment on October 1, 1965, and the plaintiffs confessed judgment against him. The judgment was vacated on Leide's motion. The plaintiffs contend it was vacated because the court ruled that plaintiffs had no right to bring the suit. Leide contended the judgment was vacated because the court ruled that no mortgage commitment had been obtained as required by the contract.

On September 28, 1965,—three days before Leide failed to meet his first installment—plaintiff brought a second contract to the defendants, with a potential buyer named Demske. According to defendants' affidavit, plaintiffs advised that the Leide contract was canceled, and the defendants signed a new contract, consummating the sale to the Demskes, and paid the plaintiffs the full commission of $1,554. The plaintiffs then requested defendants to bring suit against Leide on his $2,600 note, which defendants refused to do.

Plaintiffs commenced the instant action to recover a claimed com-

mission arising from the Leide contract, and the defendants filed a third party complaint against Leide, asking judgment against him should the court find that plaintiffs were entitled to a commission on the Leide agreement. Defendants then moved for judgment on the pleadings. The parties and the court followed summary judgment procedure, since affidavits were taken into consideration. Defendants' motion was granted, the judgment was entered against plaintiffs on the complaint and against defendants on their third party complaint.

It is undisputed that just two days after plaintiffs had the O'Connells execute the Leide contract, they had them execute the Demske contract. At that time Leide was not technically in default. Accordingly, when plaintiffs had the O'Connells sign the Demske contract, the defendants were entitled to assume that plaintiffs acknowledged that Leide was not a ready, willing and able buyer and that the O'Connells were released from any obligation to pay a broker's commission arising from the Leide transaction. The trial judge correctly held in favor of the defendants.

Although defendants raise the issue of costs and attorney's fees in their brief, the matter was not included in their notice of cross-appeal, and we shall not consider it.

The trial judge entered two judgments—one in favor of the O'Connells as defendants and against Wanland Realty, and one in favor of Leide as third party defendant and against the O'Connells as third party plaintiffs. The O'Connells had brought in Leide as a third party defendant on the theory that if they were to be held liable to Wanland Realty for the second commission they, in turn, would seek recourse against Leide. By their cross-appeal the O'Connells pray that if the judgment against Wanland Realty is reversed [thereby exposing the O'Connells to the risk of adverse judgment], the judgment on the third party action also be reversed so that Leide could again be brought in as a third party defendant.

We are affirming the judgment against plaintiffs; therefore, there is no necessity for considering the cross-appeal. The judgment against plaintiffs is affirmed, and the order dismissing the third party complaint against Leide is affirmed.

Judgment affirmed.

LYONS and BURKE, JJ., concur.