THE CITY OF CHICAGO IN TRUST FOR THE USE OF SCHOOLS, Petitioner, *v.* JOSEPH K. BARAN *et al.*, Defendants—(*In re* APPEAL OF BERNARD J. KORZEN, COUNTY TREASURER, FROM AN ORDER ENTERED AUGUST 17, 1971, Appellant, *v.* JOSEPH K. BARAN *et al.*, Defendants-Appellees.)

(No. 56511;

First District—May 19, 1972.

Edward V. Hanrahan, State's Attorney, of Chicago, (Albert J. Horrell, Assistant State's Attorney, of counsel,) for appellant.

John T. McGarry, of Chicago, (Thomas T. Burke and Robert J. Weber, of counsel,) for appellees.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Bernard J. Korzen, County Treasurer, appeals from an order requiring him to pay a condemnation award to named parties. He contends that the trial judge lacked jurisdiction to enter the order.

A petition to condemn three parcels of land (1, 2 and 3) was filed by the City of Chicago in Trust for the Use of Schools (hereinafter referred to as petitioner) naming Joseph K. Baran[1] and Anne K. Baran (hereinafter referred to as applicants) and others as defendants and parties in interest. After a hearing on that petition the judge found, *inter alia*, that full compensation for fee simple title to parcel one was $10,000 and adjudged that such was just compensation to the owners and parties interested therein.

Applicants thereafter petitioned that the court find they were the parties entitled to the award as to said parcel and order the County Treasurer to pay it to them and their attorney.[2] In support of this sworn petition applicants contended that on July 29, 1971, the date the funds were deposited with the County Treasurer, they were the owners of parcel one which was unencumbered, as was the award. The petition went on to state that applicants would indemnify and save harmless the County Treasurer if he suffered any financial loss by reason of his payment of the award to them. At the resultant hearing applicants indicated their desire to withdraw the funds without being compelled to furnish an A-4 title insurance policy, a form of title insurance issued by title insuring companies. At the conclusion of the hearing the Court entered the following order:

"1. That Joseph J. Baran and Anne K. Baran are the parties entitled to receive the award herein.

2. That the County Treasurer of Cook County is to pay the sum of $1,673.00 to John T. McGarry as attorney fees, costs, and expenses.

3. The County Treasurer is further ordered to pay the balance to Joseph J. Baran and Anne K. Baran, less tax prorations, if any.

---

[1] Joseph K. Baran is also referred to as Joseph J. Baran.

[2] This petition to the court evidently resulted from the County Treasurer's refusal to pay the award to applicants upon their demand.

4. That said payment be made without providing an A-4 policy and that said payment shall constitute a full acquittance to the Treasurer of Cook County in and for said sums as so paid over and distributed."

The County Treasurer appeals from that order.

■■ Initially, it must be pointed out that the County Treasurer cannot be heard to contend that the court did not have personal jurisdiction over him. Such jurisdiction was acquired at the instant he became a stakeholder of the award. From that point in time until he paid the award to the party entitled he was in a very real sense an officer of the condemnation court and subject to the court's control. See *In re Western Marine & Fire Insurance Co.* (1865), 38 Ill. 289, 290.

■■ The statute governing that phase of condemnation proceedings involved in this appeal is set out at Ill. Rev. Stat. 1969, ch. 47, par. 14.[3] Once the funds are on deposit with the County Treasurer, it is his mandatory function, on demand, to pay them over to the party entitled. The County Treasurer's refusal to so pay the funds will arise from his fear that at some future time another party may present a valid demand for payment. It is this potentiality of conflicting claims which forces the County Treasurer to demand some form of protection. Possible sources of such protection are found in his requirement that the applicants obtain either a title insurance policy or a court order which, pursuant to par. 14, would operate as a full acquittance to the County Treasurer. It must be pointed out, however, that the statute does not provide for the County Treasurer to seek protection by insisting upon a title insurance policy. In fact, by making such demand, at the expense of the party entitled to the award, that party ultimately receives an amount less than the "just compensation" to which he is entitled by Ill. Rev. Stat. 1971, ch. 47, par. 1. The party claiming the award has the option of determining which course of action to pursue. If he chooses to provide the title insur-

---

[3] That statute in pertinent part states:

"Payment of compensation—Jurisdiction of Courts—Appeals. Payment of the final compensation adjudged * * * to satisfy in full the amount finally adjudged to be just compensation, may be made in all cases to the county treasurer, who shall, on demand, pay the same to the party thereto entitled, taking receipt therefor * * *. Should payment be made to the county treasurer, as is in this section provided, the court in the same eminent domain proceeding in which the award is determined, shall have exclusive jurisdiction to hear and determine all conflicting claims to the compensation so paid to the county treasurer, except where the parties claimant are engaged in litigation in a court having acquired jurisdiction of said parties with respect to their rights in the property condemned prior to the time of the filing of the petition to condemn, and payment by the county treasurer pursuant to the order of court determining such conflicting claims shall be a full acquittance to him. Appeals may be taken from any order determining such conflicting claims as in other civil cases."

ance he may, but if he chooses the alternate statutory course of action and obtains a court order requiring the County Treasurer to pay him, the County Treasurer must comply.

This conclusion is supported by language found in *County of Cook v. Vander Wolf* (1946), 394 Ill. 521, 529, 69 N.E.2d 256, 261 and *City of Chicago in Trust for the Use of Schools v. Fischer* (1964), 52 Ill.App.2d 55, 60, 201 N.E.2d 660, 662. In *Vander Wolf* the Supreme Court stated:

"We are not warranted on the facts in this record in disturbing the judgment of the circuit court, even though we might assume that the county treasurer would make unwarranted demands upon appellant as a condition of payment. Even if that might be the case, appellant is deprived of no rights, since he would still be entitled, upon petition in the condemnation proceedings in the circuit court and making proper proof of his title on the hearing thereof, to the same right to obtain a judgment in his favor which he would have had under his present petition filed herein if he had presented such proof of title."

And in *Fischer* this court said:

"The legislature clearly intended by the 1955 amendment to prevent multifarious actions and to protect the County Treasurer from Lawsuits from many courts and to acquit him when he paid out money under an order from the court which heard the eminent domain proceeding."

■■ There is only one situation in which the condemnation court is not empowered by the statute to make the determination of who is entitled to the award. The situation arises where some other court, prior to the filing of the petition to condemn, has acquired jurisdiction of the parties with respect to their rights in the property.

■■■ The County Treasurer also contends that the order of the court directing him to pay the applicants was improper as the evidence upon which the order was based was insufficient to establish that the applicants were the parties entitled to the award. We need not consider this question, however, as the notice of appeal raised only the allegation that the condemnation court lacked jurisdiction to enter the order. (*Wanland v. O'Connell* (1970), 130 Ill.App.2d 1010, 1011, 264 N.E.2d 894, 896; *Scheffler v. Ringhofer* (1966), 67 Ill.App.2d 222, 225, 214 N.E.2d 575, 576.) However, the County Treasurer has no standing to contend that the evidence was insufficient to support a finding that the applicants were the parties entitled to the award or that the subsequent order on the County Treasurer is invalid. The very existence of that order is a full acquittance to him. He therefore has no grounds for complaint. See generally, 59 Am.Jur.2d, Parties, § 28.

The further contention of the County Treasurer that the condemna-

tion court cannot order him to pay the award to any interested party because the petitioner may, prior to the payment of the award, abandon the suit is a *non sequitur* as applied to this case. Here the award was paid to the County Treasurer before the order appealed from was entered. By that act, title became vested in petitioner. See generally *Board of Junior College District 504 v. Carey* (1969), 43 Ill.2d 82, 84, 250 N.E.2d 644, 646.

The judgment is affirmed.

Judgment affirmed.

DRUCKER and ENGLISH, JJ., concur.