Rose Block, Plaintiff-Appellant, *v.* Blue Shield Plan of Illinois Medical Service, Inc., Defendant-Appellee.

(No. 58874; ▮▮▮▮▮▮)

First District (1st Division)—November 18, 1974.

Alvin R. Becker, of Chicago, for appellant.

Kirkland & Ellis, of Chicago (Donald J. Duffy and Gary M. Elden, of counsel), for appellee.

Mr. JUSTICE HALLETT delivered the opinion of the court:

The plaintiff originally commenced this action against said defendant (hereinafter Blue Shield) individually and as a class action on behalf of all subscribers similarly situated, alleging, in substance, that Blue Shield had refused to pay its 80% of a claim submitted to it by her attending physician although, under the terms of her policy, said claim should have been paid. Said complaint was stricken, an amended complaint of a similar character was filed, all class allegations and prayers of the amended complaint were stricken and dismissed, the remaining individual claim of the plaintiff finally went to trial on an answer challenging only the damages (the plaintiff claimed $175 and the defendant conceded $128) and a judgment was finally entered for the smaller sum, which the defendant tendered in open court but the plaintiff refused.

The plaintiff has appealed to this court, a record has been filed, both parties have filed briefs, and the case has been argued orally and taken. There remains, however, a motion, taken with the case, by the defendant to dismiss the appeal for want of jurisdiction on the ground that, although the order here challenged was actually entered on July 14, 1972, the plaintiff's notice of appeal erroneously designated it as having been entered on April 28, 1972. The plaintiff answers by now seeking to amend her notice of appeal to specify the correct date. We hold that this cannot now be done and therefore allow the defendant's motion and dismiss the appeal.

This, of course, calls for a rather detailed review of the various pleadings, motions, orders, judgments and the notice of appeal.

The plaintiff originally began this action sometime in 1971. On April 21, 1972, the trial court, on the defendant's motion directed against the original complaint, filed a written opinion and, on April 28, 1972, held that there was not "a sufficient community of interest in the subject matter or remedy to support a class action" and dismissed "the class action allegations" but gave the plaintiff leave to file an amended complaint, which was done on June 20, 1972.

This amended complaint was virtually identical with the original complaint. It was brought by the plaintiff individually and as a class action

on behalf of all subscribers similarly situated, attaching a copy of her "Non-Group" Blue Cross, Blue Shield policy, and alleging that said policy was identical with other policies issued to other "non-group" subscribers; that, under article II(e)(1)(2) of said policy, the defendant agreed to pay 80% of the usual and customary medical charges for care rendered in a hospital by the attending physician but that article IIIA(5) of said policy expressly excluded charges of a physician where his services are only rendered as a consultant; that plaintiff from May 25, 1971, through June 11, 1971, was a patient in the Evanston Hospital and received medical care from her attending physician, Dr. Adelson, who consulted with Dr. Brieur on behalf of plaintiff; that the said consultant's bill for $45 was submitted to the defendant first and that 80% thereof ($36) was paid him; that thereafter said attending physican's bill for $247 was submitted to the defendant, which refused to pay any part thereof on the ground that it had already received (and paid its 80% share)) Dr. Brieur's bill first; that such is the defendant's "unalterable practice and custom," contrary to the express terms of the policy; that she brings this action on behalf of herself as an individual and on behalf of all other subscribers who are similarly situated; and that such persons are "so numerous that it would be impractical to bring them before this Court. It would also be manifestly unfair to such persons to require them to bring their separate suits. The claim of Rose Block is typical and almost identical with the claims of such other persons except for the amounts involved. Questions of law and fact with respect to such other claims are common to or identical with respect to the claim of Rose Block." It sought a judgment for $175 on her individual claim, that the court declare that all similarly situated subscribers are entitled to be paid for the medical charges of their attending physicians, that the defendant be required to disclose to the court all similar cases and deposit certain funds on hand in court, that a receiver be appointed and that a judgment be entered "for costs, expenses and for reasonable attorney's fees out of the common fund established and created to be distributed."

On July 6, 1972, the defendant filed a motion to dismiss all class allegations of the amended complaint and to transfer the remaining individual claim for damages to the law docket. On July 14, 1972, the trial court entered an order striking and dismissing all allegations and prayers relating to the purported class action, giving the defendant 30 days to answer the remaining allegations and the plaintiff 3 days to reply, denying the motion to transfer to the law docket and setting the case for trial on August 25, 1972. No words of finality ("no just cause," etc.) were included. On July 17, 1972, the defendant filed its answer to so much of

said amended complaint as remained, stating that with "respect to plaintiff's individual cause of action, defendant contests only the question of damages."

On January 8, 1973, the cause came on for trial, and, after such hearing, the court entered a final judgment order that the "plaintiff Rose Block have and recover of and from defendant Blue Shield Plan of Illinois Medical Service, Inc., in the sum of $128.00 and that execution issue," and reciting that "defendant in open court has tendered $128.00 plus costs to plaintiff. Plaintiff has refused said proper tender."

On February 2, 1973, the plaintiff served and filed a notice of appeal "from the order of the Circuit Court of Cook County, Illinois, entered in said cause on April 28, 1972, insofar as said order struck from the amended complaint all allegations with respect to maintaining a class or representative suit and from the judgment order of January 8, 1973." It prayed that said judgment be reversed and the cause remanded for a trial on the issue and proofs of the class or representative allegations of the amended complaint.

The plaintiff's praecipe requested the clerk to certify an appeal record containing the amended complaint, the motion to dismiss the class allegations and to transfer to the law docket the plaintiff's individual claims for damages, the order entered April 28, 1972, dismissing the class suit allegations, the defendant's answer, the judgment order entered January 8, 1972, and the notice of appeal. The defendant then filed an additional praecipe, adding to the record on appeal its motion to dismiss, filed February 7, 1972, its later motion to dismiss, the court's opinion, filed April 21, 1972, the additional praecipe and a stipulation filed on February 15, 1973. On April 4, 1973, a record on appeal as so designated was filed, and on June 20, 1973, the plaintiff's opening brief was filed.

On July 11, 1973, the defendant filed its appellee brief and also moved to dismiss the appeal for want of jurisdicition on the ground that the order challenged in the appellant's brief (the order of July 14, 1972, which became appealable as of January 8, 1973, when the final judgment was entered disposing of the entire case) was neither specified in the notice of appeal nor included in the record on appeal. The plaintiff answered, conceding that the order from which she intended to appeal was in fact entered on July 14, 1972, and that her notice of appeal specified and the record on appeal included only the earlier order of April 28, 1972. She cited and replied upon Supreme Court Rule 303(c)(4) relating to the amendment of notices of appeal and prayed that her notice of appeal be amended on its fact so as to specify the order "entered on July 14, 1972, rather than April 28, 1972," that she be given leave to add

a certified copy of the order entered July 14, 1972, to the record on appeal and that the appellee's motion to dismiss be denied.

On July 11, 1973, the appellant's motion to amend the record on appeal instanter was allowed, but her appeal was dismissed "for lack of final order. See Supreme Court Rule 304(A)." Subsequently, on August 21, 1973, this court reversed itself, allowed the notice of appeal to be amended, and reinstated the appeal.

On December 11, 1973, the appellee, citing several recently decided cases, moved for leave to cite said opinions and again urged this court to deny the appellant's "untimely" motions for leave to amend her notice of appeal and the record on appeal and that this court dismiss the appeal for want of jurisdiction for lack of a proper notice of appeal and record on appeal. This motion was taken with the case and we now deal with it.

Supreme Court Rule 303 (Ill. Rev. Stat. 1971, ch. 110A, § 303) in pertinent parts, provides as follows:

"303. (Supreme Court Rule 303). Appeals From Final Judgments of the Circuit Court in Civil Cases

(a) Time. * * * the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the motion.

\* \* \*

(c) Form and Contents of Notice of Appeal.

\* \* \*

(2) It shall specify the judgment or part thereof appealed from and the relief sought from the reviewing court.

\* \* \*

(4) The notice of appeal may be amended without leave of court within 30 days after the entry of the judgment or, if a timely post-trial motion directed against the judgment is filed, whether in a jury or nonjury case, within 30 days after the entry of the order disposing of the motion. Thereafter it may be amended only on motion, in the trial court before the appeal is docketed and in the reviewing court after the appeal is docketed. Amendments relate back to the time of the filing of the notice of appeal. An amendment specifying a part of the judgment not specified in the original notice of appeal may not be made later than 30 days after the entry of the judgment, or, if a timely post-

trial motion directed against the judgment is filed, whether in a jury or nonjury case, later than 30 days after the entry of the order disposing of the motion, except upon motion pursuant to paragraph (e) of this rule.

\* \* \*

(e) Extension of Time in Certain Circumstances. On motion supported by a showing of reasonable excuse for failure to file a notice of appeal on time, accompanied by the proposed notice of appeal, filed in the reviewing court within 30 days of the expiration of the time for filing a notice of appeal, the reviewing court may grant leave to appeal and order the clerk to transmit the notice of appeal to the trial court for filing."

The following comments by the Illinois Supreme Court Rules Committee are pertinent:

"Paragraph (c) does not change the substance of its predecessor, former Rule 33, which was in effect prior to 1967, except that subparagraph (4) eliminates the necessity of obtaining an order of court to amend the notice of appeal within 30 days after the entry of the judgment. The last sentence of subparagraph (4) reduced from 60 days to 30 days the time within which an appeal may be taken by amendment of the notice of appeal, from a part of the judgment not specified in the original notice of appeal. This conforms to the reduction from 60 to 30 days of the time for filing notice of appeal, but the 30 days may be enlarged by a motion pursuant to paragraph (e) of this rule.

\* \* \*

Paragraph (e), which is similar to Federal Rule of Appellate Procedure 4(a), provides an additional 30-day 'safety-valve' for the filing of a notice of appeal upon a showing to the reviewing court of 'reasonable excuse for failure to file a notice of appeal on time, i.e., within the original 30-day period. This replaced the provision of former section 76 of the Civil Practice Act for a delayed appeal within one year upon leave granted by the reviewing court within 14 months. (See comments on paragraph (a) of this rule). The special circumstances that would warrant the granting of leave to file an appeal after the time has expired, such as illness of counsel, unpredictable delay in the mails, etc., in almost all cases will require no more than an additional 30 days, which this rule provides. Under the previous practice no one could be certain that any judgment was final for 14 months, even if no notice of appeal had been filed. This delay in the finality of all judgments was more harmful

than the rarely justifiable alleviation of hardship by allowing a 12-month instead of a 30-day safety valve.

It is also to be noted that by the language of paragraph (c), amendment of the notice of appeal to include a part of the judgment not originally specified is governed by paragraph (e)." S.H.A., ch. 110A, par. 303 (1974 pocket port).

It is obvious (and conceded) that the plaintiff challenges only and intended to appeal only from so much of the order entered on July 14, 1972 (made appealable as of January 8, 1973, by the final judgment order of that date) as struck and dismissed all allegations and prayers of the amended complaint relating to the purported class or representative action. It is equally obvious (and conceded) that her notice of appeal, filed on February 2, 1973, specified the wrong date by some 2½ months. It is also obvious (and conceded) that her first attempt to amend her notice of appeal (in this court) was not made until July 13, 1973, more than 6 months after the order here challenged became final and appealable.

The plaintiff's answer to the motion to dismiss her appeal is, in brief, that said Rule 303(c)(4) provides that, even after 30 days, the notice of appeal may, on motion, be amended in the reviewing court if the record on appeal has been filed, and that such "amendments relate back to the time of the filing of the notice of appeal." The flaw in this contention is that the rule goes on to say that:

"An amendment specifying a part of the judgment not specified in the original notice of appeal may not be made later than 30 days after the entry of the judgment, * * *."

Concerning this, the committee's comment (above quoted) says that:

"The last sentence of subparagraph (4) reduced from 60 days to 30 days the time within which an appeal may be taken by amendment of the notice of appeal, from a part of the judgment not specified in the original notice of appeal".

There is, in addition to the original 30 days, a "safety-valve" of 30 days as provided in (e) above quoted; but since the first move to amend the notice of appeal was not even attempted until more than six months had passed since the order of July 14, 1972, first became final and appealable on January 8, 1973, this 30 plus 30 "safety-valve" is not available to the plaintiff.

Hence, the plaintiff's notice of appeal missed the mark intended by over 2 months and cannot now be amended. In our view, this disposes of the matter and we must and do dismiss her appeal.

Such a result is in line with *Renfield Importers, Ltd. v. Modern Liquors, Inc.* (1973), 55 Ill.2d 546, 548, 304 N.E.2d 626 (where the Supreme Court affirmed this court's dismissal of an appeal because a

record on appeal was filed late); *Glenview State Bank v. Joseph* (1973), 14 Ill.App.3d 403, 302 N.E.2d 733 (where this court dismissed an appeal because the notice of appeal specified the wrong date by some two weeks and was filed late); and *Gregory v. Williams* (1973), 14 Ill.App.3d 905, 908, 303 N.E.2d 621 (where this court dismissed an appeal because the notice of appeal was not reflected in the abstract).

· For cases where the judgment was affirmed because the notice of appeal did not specify the judgment or part of the judgment challenged by the appellant's brief, see *Place v. Improvement Federal Savings & Loan Ass'n* (1962), 24 Ill.2d 245, 247, 181 N.E.2d 94; *Grossi Brothers, Inc. v. Schmidt* (1963), 44 Ill.App.2d 228, 230-231, 194 N.E.2d 557; *Scheffler v. Ringhofer* (1966), 67 Ill.App.2d 222, 225, 214 N.E.2d 575; and *City of Chicago v. Baran* (1972), 6 Ill.App.3d 29, 32, 284 N.E.2d 320.

After lengthy deliberation, we conclude that we have no alternative but to dismiss the within appeal for want of jurisdiction.

Appeal dismissed.

EGAN, P. J., and GOLDBERG, J., concur.