*In re* KENNETH KERWOOD *et al.*, Minors.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* PEARL KERWOOD, Respondent-Appellant.)

First District (5th Division)    No. 62848

Opinion filed December 10, 1976.—Supplemental opinion filed upon denial of rehearing January 28, 1977.

James J. Doherty, Public Defender, of Chicago (Frances Sowa and Donald S. Honchell, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Paul P. Biebel, Jr., and Dorothy Kirie Kinnaird, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

Respondent, the mother of three minor children who were wards of the circuit court, appeals from orders of the juvenile division of that court appointing a guardian for the children and giving him the authority to consent to their adoption.

It appears that on January 5, 1973, respondent was found to be an unfit parent of the children, and they were declared to be wards of the court. Thereafter, on July 25, 1974, respondent executed documents for each child (hereafter called surrenders) which were entitled "Final and Irrevocable Surrender to an Agency for Purpose of Adoption of a Born Child." These surrenders were taken verbatim from forms in section 10 of

the Adoption Act (Ill. Rev. Stat. 1973, ch. 4, par. 9.1—10(C)). In pertinent part they stated that she irrevocably and permanently surrendered custody and control of the children to a named agency and gave it "full power and authority to consent to the adoption of the children"; that she waived her right to notice of any hearing brought on behalf of the children; and that she read and understood the content of the surrenders and signed them as her free and voluntary act. The surrenders were witnessed by one Valerie Luck, a representative of the agency.

Initially, the surrenders were presented to a division of the circuit court hearing adoption matters, but that court did not accept them, apparently because the juvenile division had not given consent to the surrenders as required by section 5—9(1) of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 705—9(1)).

Petitions to appoint a guardian to consent to the adoption of the minors were then filed in the juvenile division, which originally alleged as grounds that respondent was an unfit mother. At the commencement of the hearing there, on July 25, 1975, the surrenders were introduced into evidence by the State, and respondent stipulated that they had been signed, but she contested their validity. Her attorney asserted that she had changed her mind and was now refusing to consent to the adoption of her children. The petitions were then amended to allege that respondent had consented to their adoption in accordance with the requirements of the Adoption Act. This was followed by the testimony of respondent that she had signed the surrenders in the presence of two employees of the agency and that she understood from their warnings that she was forfeiting all of her rights concerning the children and that she could not later change her mind. She further stated she executed the surrenders of her own free will, while under no force or pressure to do so. Subsequently, she visited the children on only one occasion, two weeks after executing the surrenders, but did not attempt to see them again as she assumed they had been adopted.

Valerie Luck, who had witnessed respondent's signing of the surrenders, did not testify; but another employee of the agency who was present, William Koughlin, testified that he and Luck had explained the legal effect of the signing of the documents, even though neither was an attorney. He stated that Luck read the contents to respondent and explained the nature of the waivers relative to the children's religion and obtained respondent's signature thereto. He also testified that when Luck explained to respondent that she would not be given any notice to appear in court, the latter replied that she did not wish to come to court.

The trial court found that the surrenders were signed freely, knowingly, and voluntarily, and under no fraud or duress and that it was in the best interest of the minors and of the community that a guardian be appointed

with the right to consent to their adoption. Orders to that effect were entered on September 9, 1975, as to each child. Respondent then filed a notice of appeal on September 12, 1975, as to Kenneth, specifying that she was appealing from the order of January 5, 1973, finding her to be an unfit mother and declaring the minors to be wards of the court. On November 18, 1975, we granted respondent leave to file late notices of appeal regarding the children, Lee and Marian. These notices specified appeals from the orders of September 9, 1975. On August 20, 1976, the State moved to dismiss the appeal, and on August 24, 1976, respondent moved to amend the notice of appeal as to Kenneth to state that the appeal was to be taken from the order of September 9, 1975. The motion to dismiss was denied, and the motion to amend was taken to be considered with this appeal.

OPINION

■■■ A reviewing court must decline to proceed in a case over which it has no jurisdiction. (*Norris v. Board of Fire & Police Commissioners* (1975), 30 Ill. App. 3d 224, 332 N.E.2d 553.) In *Block v. Blue Shield Plan of Illinois Medical Service, Inc.* (1974), 24 Ill. App. 3d 751, 320 N.E.2d 576, we held that beyond 30 days after the expiration of the time for filing an appeal, Supreme Court Rule 303 (Ill. Rev. Stat. 1975, ch. 110A, par. 303) precludes us from allowing the amendment of a notice of appeal in a civil case, the effect of which would be to identify for the first time the order appealed from. In the instant case, as in *Block*, respondent deprived us of jurisdiction in the appeal of Kenneth. We note that the filing on September 12, 1975, of a notice of appeal from the order of January 5, 1973, was too late to appeal from that order. It also appears that respondent failed to file a notice of appeal from the order of September 9, 1975, as to Kenneth within 30 days after its entry, as required in paragraph (a) of Rule 303 or within 30 days of the expiration of that period, as set forth in paragraph (e) of that Rule. The failure to file a proper notice of appeal is jurisdictional, and we will therefore vacate our order denying petitioner's motion to dismiss as to the appeal of Kenneth, and it will be dismissed at this time.

The notices of appeal relative to Lee and Marian, however, specify an appeal from the order of September 9, 1975, and we find that they have met the requirements of Rule 303 and are properly before us. Regarding them, respondent contends the trial court erred in appointing a guardian with the authority to consent to adoption, because the surrenders were not obtained as required by the Adoption Act and, in addition, that they were not properly acknowledged. Wards of the juvenile court may be adopted or surrendered to an agency for adoption if the consent of the juvenile court is obtained and the natural parent(s) consents, in

conformity with the applicable provisions of the Adoption Act. (Ill. Rev. Stat. 1973, ch. 37, par. 705—9.) Conformity with that Act is dependent upon the attendant circumstances. Thus, if there exists a petition presently seeking the adoption of the child, parental consent is expressed in writing in the form of a consent to the adoption. (Ill. Rev. Stat. 1973, ch. 4, par. 9.1—10(A).) If a child is to be placed for adoption with a licensed agency with the right to consent to a future adoption, parental consent is expressed in writing in the form of a surrender. (Ill. Rev. Stat. 1973, ch. 4, par. 9.1—10(C).) These statutory forms are almost identical except that the consent form waives appearance in an actual ongoing adoption proceeding while the surrender form details the transfer of all parental rights from the natural parent(s) to the agency, so that it may consent to an adoption occurring sometime in the future. (Ill. Rev. Stat. 1973, ch. 4, par. 9.1—10(A), (C).) Each natural parent is not only required to sign the appropriate form, but must also acknowledge his/her voluntary and knowing consent to the irrevocable relinquishment of all rights and responsibilities to the child in open court or before a person designated or subsequently approved by the court. (Ill. Rev. Stat. 1973, ch. 4, par. 9.1—10(H), (I).) Additionally, in the case of a surrender, the acknowledgment may be before the clerk of the court or a representative of the agency. (Ill. Rev. Stat. 1973, ch. 4, par. 9.1—10(I).) Once a consent to adoption or a surrender for adoption is acknowledged in the prescribed manner, it is irrevocable unless obtained by fraud or duress on the part of the person before whom the document is acknowledged. Ill. Rev. Stat. 1973, ch. 4, par. 9.1—11; *In re Sims* (1975), 30 Ill. App. 3d 406, 332 N.E.2d 36.

■■   Here, respondent argues that section 5—9(1) of the Juvenile Court Act requires the consent of the court before surrenders may be obtained. That section provides:

> "A ward of the court under this Act, with the consent of the court, may be the subject of a petition for adoption under [The Adoption Act] *or with like consent* his parent or parents may, in the manner required by such Act, surrender him for adoption to an agency legally authorized or licensed to place children for adoption." (Emphasis added.) (Ill. Rev. Stat. 1973, ch. 37, par. 705—9(1).)

She asserts that the underlined language requires consent of the court before the surrenders are obtained and, because this was not done in the instant case, that they were invalid. We disagree. It is our belief that the section in question permits the court to give its consent before or after the surrenders are executed. The trial court here heard testimony and found that respondent had voluntarily and irrevocably relinquished all of her rights regarding the children and, by appointing a guardian with authority

to consent to their adoption, the court indicated its consent to the surrenders by respondent for their adoption.

■■■ Respondent's contention that the surrenders were not properly acknowledged is also without merit. During oral argument, she admitted that the surrenders were validly acknowledged under section 10(I) of the Adoption Act (Ill. Rev. Stat. 1973, ch. 4, par. 9.1—10(I)), which expressly provides that representatives of the agency involved are proper parties to witness the parent's voluntary and willing consent to the irrevocable surrender of all parental rights including the right to consent to the adoption of the child. Nevertheless, she refers us to section 10(H) of the Adoption Act (Ill. Rev. Stat. 1973, ch. 4, par. 9.1—10(H)) which governs the acknowledgment of consent forms and she argues that the surrenders were not shown to be acknowledged, as provided by that provision of the Act, because the court did not make a finding that Valerie Luck, the representative of the agency who witnessed the signing of the surrenders, had been approved for the purpose of taking the acknowledgment. However, her reliance upon section 10(H) is unfounded in fact or law. The record states clearly that the Kerwood children were not the subject of presently pending petitions for adoption but were to be placed for future adoption. Under these circumstances, as hereinbefore noted, the proper form for parental consent is the surrender form. Surrender forms must be acknowledged in compliance with the provisions of section 10(I), and respondent has admitted that there was such compliance in this case. Furthermore, we cannot accept respondent's contention that because Luck was a representative of the agency, she would have a conflict of interest in view of the fact that the primary responsibility of caring for the children would be placed in the agency. The legislature has specifically provided that acknowledgment of the voluntariness may be made before an agency representative. (Ill. Rev. Stat. 1973, ch. 4, par. 9.1—10(I).) Where the legislative intent is clearly expressed, a court will not review the wisdom of the enactment. *Fair Employment Practices Com. v. Tenerovitz* (1975), 25 Ill. App. 3d 471, 323 N.E.2d 353.

■■ Additionally, although respondent testified that she was not subjected to fraud or duress, she nevertheless argues that duress was implicit because the only explanation she received of the import of her signing the surrenders came from agency employees who were interested parties and not attorneys. We cannot agree. Counseling by an attorney is not a prerequisite to valid parental consent under the Adoption Act. *In re Hoffman* (1975), 61 Ill. 2d 569, 338 N.E.2d 862.

For the foregoing reasons, the judgment is affirmed.

Affirmed.

LORENZ, P. J., and MEJDA, J., concur.

## SUPPLEMENTAL OPINION UPON DENIAL OF REHEARING

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

We have reviewed the matters set forth in respondent's petition for rehearing, and we find no basis for any change in our opinion. However, she does raise a matter that we believe merits further consideration.

We held that we lacked jurisdiction to consider the appeal of Kenneth Kerwood, because a notice of appeal filed on his behalf did not meet the requirements of Supreme Court Rule 303 (Ill. Rev. Stat. 1975, ch. 110A, par. 303). Respondent now argues that we had the power to allow an amendment to the notice of appeal regarding Kenneth. She reaches this conclusion by first pointing out that Supreme Court Rule 606(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 606(d)) provides, "The notice of appeal may be amended by leave of court possessed of the record." She then argues "that this court has the power, under Supreme Court Rule 606(d) * * *, which applies to all juvenile proceedings * * *, to amend a notice at any time * * *." We disagree with this argument, as we are of the opinion that Rule 606(d) has only limited application to juvenile proceedings.

Prior to 1968, article VI of the Supreme Court Rules (Rules 601-700) (Ill. Rev. Stat. 1967, ch. 110A, par. 601 *et seq.*) was entitled "Criminal Appeals Rules," and had application only to criminal cases. In 1968, Rule 661 (Ill. Rev. Stat. 1969, ch. 110A, par. 661) was added. It was then the only rule in article VI providing for appeals from orders entered in juvenile proceedings. It was entitled, "Appeals by Minors Found to be Delinquent" and it applied only to appeals from proceedings where a minor was found delinquent and, as the Committee Comments state, it was added to meet the requirements of *In re Gault* (1967), 387 U.S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428.

Thereafter, effective October 1, 1975, Rule 661 was amended to read:

> "Upon the filing of a notice of appeal in any proceeding in which a minor has been found to be delinquent, or in which probation or conditional discharge imposed in such a proceeding has been revoked, appointment of counsel and the provision of a transcript of the adjudicatory and dispositional hearings without cost to the minor shall be governed by Rule 607."

And, effective the same date, Rule 660 was added. It was entitled, "Appeals in cases arising under the Juvenile Court Act," and it read as follows:

> "(a) Delinquent Minors. Appeals from final judgments in delinquent minor proceedings, except as otherwise specifically provided, shall be governed by the rules applicable to criminal cases.

(b) Other Proceedings. In all other proceedings under the Juvenile Court Act, including proceedings involving a minor in need of supervision, a neglected minor, or a dependent minor, appeals from final judgments shall be governed by the rules applicable to civil cases."

Recently, this court has held that Rule 660 may be applied retroactively, as it "* * * clarifies rather than changes 'the procedure in appeals from determinations under the Juvenile Court Act.' " *In re Davis* (1976), 44 Ill. App. 3d 970, 358 N.E.2d 1233.

■■ The appeal as to Kenneth Kerwood was not from a finding of delinquency but was from an order appointing a guardian with authority to consent to the adoption of Kenneth. Thus, the law in effect prior to and subsequent to the filing of Kenneth's appeal on September 18, 1975, required that it be governed by the rules applicable to civil cases, and we hold that Supreme Court Rule 303 (Ill. Rev. Stat. 1975, ch. 110A, par. 303) was properly applied here.

In view thereof, the petition for rehearing will be denied.

LORENZ and MEJDA, JJ., concur.