**Anne Marie Scheffler, Administrator of Estate of Ralph Schoenfeld, Plaintiff-Appellant, v. Rosina Ringhofer, et al., Defendants-Appellees.**

Gen. No. 50,348.

First District, Second Division.

January 25, 1966.

Siegan & Rubinoff and Canel & Canel, of Chicago (David G. Burden, of counsel), for appellant.

Clausen, Hirsh, Miller & Gorman, of Chicago, for appellees.

MR. PRESIDING JUSTICE BRYANT delivered the opinion of the court.

This is an appeal from an order granting summary judgment and dismissing the appellant's complaint for failure to state a cause of action.

This action has been brought by Annemarie Scheffler as administratrix of the estate of her deceased son, Ralph. The complaint alleged that on July 26, 1957 Ralph, then being three and one-half years old, fell through the screen in a window of a third floor apartment in a building owned by the appellees. It was also alleged that the screens were negligently allowed to fall into dis-

repair by the appellees. The appellees then filed an answer in which they denied that the fall was occasioned by any negligent act of theirs.

The appellees made a motion for summary judgment. They alleged that there was no agreement between them and the tenant of the apartment from which the deceased fell as to the furnishing of any protective devices on the windows. It was also alleged that the screens were in the windows for the purpose of keeping out insects and were not placed there for the purpose of keeping children from falling out. They also cited Crawford v. Orner & Shayne, Inc., 331 Ill App 568, 73 NE2d 615 (1947) for the proposition that "a landlord has no duty to furnish screens for the purpose of keeping persons from falling out of a window."

The appellant then added a Count II to her complaint alleging that the appellees had violated Chap 75 of the Municipal Code of Chicago, which chapter required that there be guardrails on windows having a sill less than two feet from the floor. It was also alleged that the window from which the deceased fell was less than two feet from the floor. The appellees then filed a motion to strike Count II of the complaint alleging that Chap 75 was passed after the erection of the building where the accident occurred and that this chapter was prospective in operation and had no retroactive operation. On February 26, 1964 the motion was granted and Count II of the complaint was ordered stricken. On November 30, 1964 a motion for summary judgment was granted and an order dated February 25, 1960, which denied a motion for summary judgment, was vacated. (We note that the order which originally denied the motion for summary judgment has not been included in the record on appeal.)

Appellant filed a notice of appeal in which she assigns as error the entering of the order of November 30, 1964 which granted the summary judgment.

The appellant's theory of the case before this court has been that the appellees violated their statutory duty in not providing guardrails at the window from which the deceased fell in accordance with Chap 75 of the Municipal Code of Chicago. The appellee points out that appeal was taken only from the order of November 30, 1964 which granted summary judgment and that no appeal was taken from the order striking Count II of the complaint which was the only portion which alleged a statutory duty. Appellee is, therefore, saying that the matter is being argued on a point from which appeal was not taken.

■■ It is clear that the appellate court will not normally consider a claim unless it has been properly raised in the appellant's notice of appeal, and we think that the appellees' point is well taken. Ill Rev Stats 1965, chap 110, § 101.33 (2).

■■ ■■ Even ignoring the procedural question, however, the appellant's appeal must fail. Chapter 75 of the Municipal Code of Chicago operates prospectively only and has no application to buildings already in existence when the law was passed. This is the general rule in construing any statute and it has long been settled that a statute will operate retroactively only where that is the clear legislative intent. United States Steel Credit Union v. Knight, 32 Ill2d 138, 204 NE2d 4 (1965). Appellant argues that this court applied Chap 78 of the Municipal Code of Chicago retroactively and argues that we should do the same here. Chapter 78 is clearly titled "Existing Buildings." It is perfectly clear that it was intended that the chapter apply retroactively. No such clear intent is shown in the chapter before the court in the case at bar.

■■ Aside from statutory interpretation, it is settled law that a landlord has no duty to furnish screens suitable for anything other than keeping out insects. Gas-

225

quoine v. Bornstein, 10 Ill App2d 423, 135 NE2d 121 (1956). The appellant's claim of common law negligence must also fail.

The order granting summary judgment is affirmed.

Order affirmed.

LYONS and BURKE, JJ., concur.