(41670, 41940 cons.—

SOUTH CHICAGO COMMUNITY HOSPITAL, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(Agustin Gargullo *et al.*, Appellees.)

*Opinion filed Nov. 26, 1969.—Rehearing denied Jan. 26, 1970.*

KLOHR, BRAUN, LYNCH & SMITH, of Chicago, (MARK A. BRAUN, of counsel,) for appellant.

WACHOWSKI & WACHOWSKI, of Chicago, (CASIMIR R. WACHOWSKI and STEPHEN J. SCHLEGEL, of counsel,) for appellees.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

These two consolidated appeals arise out of workmen's compensation cases in which the Industrial Commission, over objections by the employer, granted the claimants' motions for an indefinite continuance of the hearings. To review this decision the employer sued out writs of *certiorari* in the circuit court of Cook County. The court dismissed the writs on the ground that the Commission's orders were not final ones, and the first appeal (No. 41670) comes from this action of the circuit court.

The employer also filed a petition in the circuit court for a writ of *mandamus* to compel the members of the Industrial Commission to hear these claims. This petition was denied and the employer appeals directly to this court (No. 41940) on the theory that refusal to grant a prompt hearing creates a denial of constitutional rights.

The applications for adjustment of claim were filed against the South Chicago Community Hospital by the surviving dependents, respectively, of two Filipino exchange nurses murdered by an intruder on July 14, 1966. The matters were called for hearing on March 15, 1967, continued at that time to June 15, on which date they were again continued and ordered for hearing on October 23. On the latter date motions were made by the claimants to continue the cases generally. The motions recited that an action had been

filed in the circuit court by the administrator of the estates of the two nurses, seeking damages against the hospital, Richard Franklin Speck, the intruder, and others on a basis of fault, and that the hospital had pleaded in defense that the deaths arose out of and in the course of employment and therefore that the sole action was under the Workmen's Compensation Act. The motions further recited the claimants' desire to proceed first with the circuit court actions and to have the workmen's compensation cases held in abeyance until disposition of the wrongful death case. The request was granted over the hospital's objection. It insists that the object of the Workmen's Compensation Act is to provide a *prompt* remedy and that the Commission has a duty to designate an arbitrator for trial as soon as it is advised of the parties' failure to agree.

Before reaching the principal issue, however, we must consider a motion by the claimants to dismiss the appeal in No. 41670, the workmen's compensation cases, on the ground that the order appealed from is not final and appealable. In the absence of a Supreme Court rule providing for interlocutory review, none being applicable here, an appeal does not lie from an order which is not final. To be final and appealable an order must dispose of the rights of the parties, either upon the entire controversy or upon some definite and separate part of it. *Village of Niles* v. *Szczesny,* 13 Ill.2d 45.

The order which dismissed writs of *certiorari,* brought to review, in turn, the granting of a continuance, is plainly interlocutory. It did not decide the right to compensation, nor did it determine a separate issue of the litigation which would result in its final disposition. The claims for compensation are still pending and the rights of the parties remain undetermined. We have recently pointed out that "when the circuit court remands a compensation case to the Commission, the action of the court is interlocutory and not appealable." (*Mayrath Co.* v. *Industrial Com.,* 33 Ill.2d

224.) While the order in question here did not in terms remand, it had the same effect. The absence of a remanding clause does not make reviewable an order which lacks the essentials of a final judgment. (*Moffat Coal Co.* v. *Industrial Com.*, 397 Ill. 196, 200.) The motion to dismiss the appeal in No. 41670 is granted.

The *mandamus* case presents the same substantive issue as that sought to be presented in the workmen's compensation appeal, namely, whether the Commission improperly refused to hear and decide a claim at issue. It is insisted that the "refusal" to determine the issues deprived the hospital of due process and equal protection of the laws. Relied upon is section 19(a) of the Workmen's Compensation Act, which directs in part that "It shall be the duty of the Commission upon notification that the parties have failed to reach an agreement, to designate an Arbitrator." (Ill. Rev. Stat. 1967, ch. 48, par. 138.19.) Rule No. 6 of the Industrial Commission provides, *inter alia,* that all cases on second setting shall be continued only "upon good cause shown," and that when a case has been continued two times it should be marked "Ordered to Trial" and on the next setting shall be tried or dismissed for want of prosecution, "except for good cause shown."

The claimants, who were allowed to intervene in the *mandamus* action, take the position that, by granting a continuance until determination of the circuit court action, the Commission did not "refuse to hear and decide" a claim at issue. *Mandamus* does not lie to compel action in matters about which an officer has a discretion. Under the circumstances in this case the writ is inappropriate. Where the performance of an official duty or act involves the exercise of judgment or discretion, the officer's action is not subject to review or control by *mandamus*. (*People ex rel. Atchison, Topeka and Santa Fe Railway Co.* v. *Clark,* 12 Ill.2d 515.) It is plain in this case that the motions presented to the Commission called for an exercise of judgment or discretion.

The court observed in *Benton v. Marr,* 364 Ill. 628, 629, that "The granting of a continuance, except where it is based on a statutory cause, rests in the sound judicial discretion of the court." The exercise of such discretion will not be interfered with unless there is a manifest abuse of that discretion. The rule is equally applicable to workmen's compensation proceedings. The Industrial Commission, in the exercise of its discretionary power, considered and determined what its course of action was to be, and entered its order accordingly. This was not a refusal to act, as claimed by the hospital, but was in fact action in a particular way, *i.e.,* the granting of a continuance. Whether or not there was good cause is not a proper inquiry in the present proceeding. The ruling is not subject to control by *mandamus,* and the circuit court properly denied the writ. The judgment in No. 41940 is therefore affirmed.

*Appeal dismissed in No. 41670;*
*Judgment affirmed in No. 41940.*