WHEELER TRACTOR & EQUIPMENT COMPANY, INC., Plaintiff-Appellee, *v.* JAMES L. MYERS *et al.*, Defendants-Appellants.

Third District   No. 75-314

Opinion filed June 29, 1976.

Edward G. Vogt, of Kankakee, for appellants.

Eva L. Minor, of Kankakee, for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Kankakee County in a forcible entry and detainer action instituted by Wheeler Tractor and Equipment Company as against defendants James L. Myers and Carolyn J. Myers. Defendants were purchasers on a contract for deed of a certain parcel of real estate owned by plaintiff company. In a bench trial, the trial court found defendants to be in arrears, but in the court order stayed any further action for 180 days during which time it ordered defendants to pay the arrearages and to make all payments which would come due during the stay period. Defendants filed a post-trial motion. Motion was denied and 30 days thereafter defendants filed a notice of appeal to this court. On the same day the notice of appeal was filed, plaintiff filed a motion with the trial court seeking the issuance of a writ of execution on the judgment. Defendants filed an objection to the issuance of the writ, but the court denied defendants' objection and ordered issuance of the writ of execution. Defendants again filed motions to set aside such orders. Such motions were denied. Thereafter, defendants filed a second notice of appeal.

Plaintiff has filed motions to dismiss the appeal and defendants have filed objections thereto. We have received the motions and taken them with the case for consideration.

The record discloses that defendants were purchasing a tract of real estate from the plaintiff company on a contract for deed. Defendants were several months behind in their payments and plaintiff filed a complaint under the Forcible Entry and Detainer Act seeking possession of the property. Defendants' answer denied all of the allegations of the complaint. Hearing was had on the complaint on September 13, 1974. The court, at the conclusion of the trial, took the matter under advisement.

The testimony at the trial was not transcribed and neither party has submitted a summary of the testimony as permitted by Rule 323 (Ill. Rev. Stat. 1975, ch. 110A, par. 323(c)). It appears, however, from the briefs, that the evidence presented at the hearing involved a contract for deed calling for payments of $160 per month of which $31.75 was to be held in escrow for payments of taxes and insurance. A list of payments made by defendants was entered into evidence. It does not appear that the accuracy of the list was questioned.

On October 21, 1974, the trial court entered a formal written order that the total amount of the deficiency due as of May 10, 1974, was $1899.64. The court also found that plaintiff had been erratic in collecting the payments and, therefore, ordered a stay of 180 days during which defendants were to pay all arrearages and also keep current with payments coming due during the period of the stay.

On November 14, 1974, defendants filed a post-trial motion to vacate

and correct, in which they allege that the final written order was incorrect in that the figures in the written order as to the amount due differed from those contained in the oral findings of the court and in the court's minutes, and also that there was a mathematical error. The trial court on April 16, 1975, denied defendant's post-trial motion and affirmed the trial court's October 21, 1974, written order.

One month later, on May 16, 1975, defendants filed a notice of appeal from the October 21, 1974, written order and also from the April 16, 1975, denial of defendant's post-trial motion. On the same day plaintiff filed a motion in the trial court for a writ of execution and alleged that defendants had not paid the deficiency as found by the court within the required 180 days. On June 11, 1975, defendants filed an objection to the petition for writ of execution and argued that the correct amount, as reflected in the November 14, 1974, post-trial motion had been paid, and that, in any event, the amount called for in the October 21, 1974, had been paid within 6 months (180 days) of the October 21, 1974, order, excluding the time during which the post-trial motion was pending. This motion was also denied by the trial court and the writ of execution was ordered.

Seven days later, on June 18, 1975, defendants filed a motion to vacate the judgment on the ground that all moneys due under the October 21, 1974, judgment had been paid within the time required by the order, excluding the time during which the post-trial motion was pending. Defendants also filed a petition to vacate pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72), on the grounds that the figures included in the October 21, 1974, order were incorrect. Thereafter on June 23, 1975, plaintiff filed a motion to strike defendants' motion to vacate and alleged therein three grounds: (1) lack of jurisdiction in the trial court since the filing of the notice of appeal on May 16, 1975; (2) that the motion was filed more than 30 days after judgment; and (3) that it was an attempt to reargue matters already argued in a previous post-trial motion. On June 25, 1975, the motion to strike was allowed, and defendants' motion and petition were stricken. On June 27, 1975, appeal bond was set at $1000 cash, and on July 1, 1975, defendants filed a second notice of appeal. That notice purported to appeal from the October 21, 1974, judgment, the denial of the November 14, 1974, post-trial motion, overruling of the objections to the entry of the writ of execution, and the denial of the motion and the petition to vacate in 1975.

On the appeal to this court, defendants ostensibly seek to have the alleged errors in computation corrected, or to have the case remanded to the circuit court for correction of the alleged errors.

On October 14, 1975, following the filing of defendants' brief, plaintiff filed in this court a motion to dismiss the appeals and memoranda in support thereof, arguing that the first notice of appeal was filed beyond

the time permitted by statute (5 days under the Forcible Entry and Detainer Act) and that as to the second notice of appeal, it was filed too late, the appeal bond was improperly filed, and there was no sanction in the statutes or rules for filing of a second notice of appeal in the same case. Defendants filed an objection to the motion to dismiss. We noted the motions and took them with the case for consideration.

■■ Plaintiff's first contention that the first appeal should be dismissed for the reason that the notice of appeal was filed too late is based on provisions of the Forcible Entry and Detainer Act, which specifically provide that appeals from decisions of the court or jury under the Act must be taken within five days from the rendition of the judgment (Ill. Rev. Stat. 1975, ch. 57, par. 13). Whether we consider the date of the rendition of the judgment of October 21, 1974 (the date of the written order), or April 16, 1975, the denial of the post-trial motion, it is apparent that defendants' first notice of appeal which was filed on May 16, 1975, was not filed within five days as required by the statute. Even if the October 21, 1974, order is considered a final, appealable order, this Court would be unable to consider the appeal. The five-day requirement for filing notice of appeal acts as a statute of limitation (*Goldstick v. Lu Saporito* (1974), 22 Ill. App. 3d 621, 317 N.E.2d 774). It has been stated, in some cases, that in absence of a timely notice of appeal, since proper filing is a jurisdictional requirement, the reviewing court is without jurisdiction to consider the appeal. Ill. Rev. Stat. 1975, ch. 110A, par. 301; *Norris v. Board of Fire & Police Commissioners* (1975), 30 Ill. App. 3d 224, 332 N.E.2d 553.

We believe, however, that the order entered on October 21, 1974, was not, in the form in which it was written, a final appealable order. That order simply provided that defendants should pay all arrearages within 180 days. It did not provide, as would a normal final order in a forcible entry and detainer case, that a writ of restitution automatically issue at the end of the period of stay, if defendants failed to make the required payments. (Ill. Rev. Stat. 1975, ch. 57, par. 13.) The order provided only that defendants make the payments. To be final and appealable, an order must dispose of all the rights of the parties, either upon the entire controversy or upon some definite and separate part of it in accordance with Supreme Court Rules. (*South Chicago Community Hospital v. Industrial Com.* (1969), 44 Ill. 2d 119, 254 N.E.2d 448.) In the instant case, while a determination was made that defendants were in arrears, until the end of the stay period, the question in the case, of whether plaintiff was entitled to possession of the property, was not determined. It was only at the end of the 180-day stay period that it could be seen whether defendants had complied with the order and paid the arrearages and

therefore reinstated the contract, or whether the payments had not been made, so that plaintiff could ask the court for a writ to put it in possession.

We must, therefore, conclude that the order of October 21, 1974, was not a final appealable order. An appeal from an order not final or appealable would therefore be dismissed on motion, as is true in the instant case.

■■ The order of the trial court which was a final, appealable determination of the issues in the case was entered on June 11, 1975, when the court ordered a writ of execution. Seven days later, on June 18, 1975, defendants filed a motion to vacate the October 21, 1974, order, apparently pursuant to the provisions of section 13 of the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1975, ch. 57, par. 13). Defendants alleged in such motion that all moneys due under the October 21, 1974, order had been paid within the stay period, after excluding time during which a post-trial motion was pending. We know of no provision in the statute or of the trial court's order which would toll the running of the stay period, during the pendency of the post-trial motions. Section 13 of the Forcible Entry and Detainer Act provides that unless defendant files a motion to vacate on grounds that he has paid the arrearages *within the stay period*, execution shall issue. The 180-day stay period began on October 21, 1974, and ended on April 21, 1975. Defendants' motion, filed on June 18, therefore, was not timely filed. The issue raised in the motion had already been determined also by the court's ruling on defendants' objection to the motion for writ of execution and therefore the motion to vacate was an attempt simply to relitigate questions already determined.

The June 18, 1975, motion to vacate was therefore ineffective to toll the running of the five-day period fixed for filing notice of appeal under the Forcible Entry and Detainer Act, and, accordingly, the second notice of appeal filed on July 1, 1975, was not filed as required within the five-day period following rendition of the judgment. Accordingly, the second appeal is dismissed. For the reasons stated the appeals undertaken in this cause are dismissed.

Appeals dismissed.

STENGEL and BARRY, JJ., concur.