CHARLES P. BURTELL, Plaintiff-Appellee, *v.* FIRST CHARTER SERVICE CORPORATION *et al.*, Defendants-Appellants.

First District (1st Division)   No. 76-1224

Opinion filed January 17, 1978.—Rehearing denied February 16, 1978.

Teitelbaum, Wolfberg, Guild & Toback, of Chicago (Ronald J. Guild and David A. Weininger, of counsel), for appellants.

Feiwell, Galper & Lasky, Ltd., of Chicago (George S. Feiwell and Michael A. Braun, of counsel), for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

■■ In solving the problems raised by this appeal, we are required initially to perform our duty of determining whether "the appeal has been properly taken so as to invoke our jurisdiction." (*Artoe v. Illinois Bell Telephone Co.* (1975), 26 Ill. App. 3d 483, 484, 325 N.E.2d 698.) The factual basis for this determination will first be set out.

Charles P. Burtell (plaintiff) filed a second amended complaint against Saul Bass, Howard Bass, Mitchell Bass, First Charter Service Corporation, Unity Savings Association, Bass Financial Corporation and Pioneer Trust and Savings Bank, as Trustee (defendants). The first count sought to establish a joint venture in connection with real estate in Wheeling, Illinois. The second count sought similar relief concerning a piece of vacant real estate in Chicago. The third count sought imposition of a constructive trust and other relief. The first two counts prayed an accounting regarding the alleged joint ventures. After trial by the court, a judgment was entered on December 19, 1975, which dismissed count III completely, denied the prayer for relief in count I, and found that a joint venture existed between the parties concerning the property described in count II. The judgment ordered filing of an account by First Charter Service Corporation (First Charter), the filing of objections thereto by plaintiff and hearing on these objections. The trial court reserved jurisdiction to enforce the terms thereof; to order any payment that might be found due as a result of the accounting and to rule upon matters pending by reason of the pleadings. This last reservation pertained to defendants' motion for fees and costs concerning the pleadings pursuant to section 41 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 41).

No appeal was taken from this judgment of December 19, 1975. Instead, the parties proceeded with the filing of an account and objections thereto. After hearing argument of counsel on these matters, the court entered a judgment on the final accounting on June 1, 1976. This judgment contains a number of findings of fact and a statement of expense and profit in connection with the joint venture as alleged in Count II and concludes, in part, with entry of judgment in favor of plaintiff and against First Charter for $89,998.22. The court also ordered that there was no just reason to delay enforcement of or appeal from said judgment. On June

28, 1976, after a hearing, the court denied the motion of defendants for taxation of fees and costs.

On June 30, 1976, all of the defendants joined in a notice of appeal to this court. The notice recites that defendant First Charter appeals from the judgment of June 1, 1976, and that this defendant, the three individual Bass defendants and Unity Savings Association, appeal from the order of June 28, 1976, denying section 41 relief. Defendants prayed that the money judgment of June 1, 1976, be reversed and plaintiff's complaint dismissed; or, alternatively, for reversal and remand for a new trial and that the trial court be directed to sustain the motion of the defendants for section 41 relief.

On June 30, 1976, defendants filed an amendment to the signature block of the notice of appeal to add the names of remaining defendants other than First Charter thereto.

Briefs were filed and oral argument was held. During the argument, this court raised procedural problems of a jurisdictional nature and requested that the parties file supplemental memoranda bearing upon these propositions. The parties have complied with this order.

Upon consideration of the entire record herein, of the additional memoranda and the authorities cited, we have concluded that we have no jurisdiction to review the judgment of December 19, 1975, and that our consideration of the merits of this appeal should be limited to the judgment on final accounting entered June 1, 1976, and the order for denial of defendants' motion for section 41 relief, entered June 28, 1976. Our reasons follow.

■■ Authority need not be cited to the point that appeal to this court, in civil cases, with certain exceptions not material here, may be had only from final judgments. (Ill. Rev. Stat. 1975, ch. 110A, par. 301.) Many, many cases decided by the reviewing courts of Illinois have stated and restated the law to be that a final and appealable judgment is one which terminates the litigation and disposes of the rights of the parties either upon the entire controversy or upon some definite and separate part of it. *South Chicago Community Hospital v. Industrial Com.* (1969), 44 Ill. 2d 119, 121, 254 N.E.2d 448.

The theory that the judgment of December 19, 1975, was an appealable order is based upon the frequently cited case of *Altschuler v. Altschuler* (1948), 399 Ill. 559, 569-70, 78 N.E.2d 225. (See also *Deckard v. Joiner* (1970), 44 Ill. 2d 412, 416-17, 255 N.E. 2d 900; *Oak Brook Bank v. Citation Cycle Co.* (1977), 45 Ill. App. 3d 1053, 1056-57, 360 N.E.2d 458.) In their memorandum, counsel for defendants cite cases such as *Ariola v. Nigro* (1958), 13 Ill. 2d 200, 148 N.E.2d 787; *Hanley v. Hanley* (1958), 13 Ill. 2d 209, 148 N.E.2d 792; and *Smith v. Hodge* (1958), 13 Ill. 2d 197, 148 N.E.2d

793. We have given consideration to these authorities in the light of the statement made in the Historical and Practice Notes to Supreme Court Rule 304 Ill. Ann. Stat., ch. 110A, par. 304 (Smith-Hurd 1968).) The authors there state that the rule established in *Altschuler* was "abrogated by the Supreme Court" in *Ariola* and *Hanley*. After careful consideration of this thought, we have concluded that we need not reach a decision of the problem. Regardless of the result at which we might arrive, there is an additional factor which, in our opinion, prevents us from reviewing the judgment of December 19, 1975.

As shown, the judgment of June 1, 1976, is admittedly final. The notice of appeal is directed solely to the judgment of June 1, 1976, and the order on the section 41 relief entered June 28, 1976. The applicable rule regarding the notice of appeal provides that "[i]t shall specify the judgment or part thereof appealed from * * *." (Ill. Rev. Stat. 1975, ch. 110A, par. 303(c)(2).) The notice of appeal before us makes no mention of the separate judgment previously entered on December 19, 1975. It is limited solely to the judgment of June 1, 1976, and the subsequent order of June 28, 1976. The prayer for relief in the notice of appeal is expressly limited to these matters. This is a carefully and well-drafted notice of appeal. Counsel amended the notice to make sure that it reflected the signatures of all of the defendants who joined in the appeal. Apparently the appeal was thus advisedly and not inadvertently limited to the two orders entered in June 1976.

■■ A number of cases decided by this court have pointed out the need for the notice of appeal to specify the judgment appealed from. In the case before us, we have complete omission from the notice of appeal of a separate and entirely independent judgment. It is our interpretation of the law of Illinois that in a situation of this type we lack jurisdiction to review the unspecified judgment on appeal. (See *People v. Lowe* (1975), 30 Ill. App. 3d 49, 51, 331 N.E.2d 639; *Wells v. Kern* (1975), 25 Ill. App. 3d 93, 99, 322 N.E.2d 496; *People v. Harvey* (1972), 5 Ill. App. 3d 499, 502, 285 N.E.2d 179, *cert. denied* (1973), 410 U.S. 983, 36 L. Ed. 2d 179, 93 S. Ct. 1504; and *Scheffler v. Ringhofer* (1966), 67 Ill. App. 2d 222, 224-25, 214 N.E.2d 575.) We will, therefore, proceed with a consideration of the points raised on appeal from the judgment orders of June 1, 1976, and June 28, 1976.

## I.

After entry of the judgment of December 19, 1975, and pursuant thereto, defendant, First Charter, filed a statement of account concerning the so-called Foster and Dee property involved in count II. On January 23, 1976, plaintiff filed objections to certain items in the account. After a

hearing, the trial court entered judgment on June 1, 1976, in favor of plaintiff and against First Charter for $89,998.22.

The only issue on the accounting presented by defendants in their brief pertains to interest items requested by First Charter at the rate of 14 percent per annum on moneys it had advanced in the transaction. The trial court allowed First Charter interest at 5 percent per annum on all advances made by it to the joint venture. It is defendants' theory, both in the trial court and in this court, that First Charter was entitled to recover interest at 14 percent per annum on moneys it advanced to the joint venture because during the period of time in question this rate would have been the usual and customary interest rate. The trial court rejected an offer of proof by First Charter of testimony by an experienced real estate expert concerning "what the interest rate would be" in a transaction of this type at the time in question. This expert testimony offered by First Charter would have been competent if there was evidence of an agreement for payment of interest at the usual and customary rate.

■■ Under Illinois law, the parties to this case, as joint venturers, "stand in a fiduciary relationship to each other." (*Reese v. Melahn* (1973), 53 Ill. 2d 508, 513, 292 N.E.2d 375.) The legal principles pertaining to the relations between partners govern joint ventures. (*Baker Farmers Co. v. ASF Corp.* (1975), 28 Ill. App. 3d 393, 395-96, 328 N.E.2d 369; *Polikoff v. Levy* (1971), 132 Ill. App. 2d 492, 498, 270 N.E.2d 540; *State House Inn Corp. v. Polikoff* (1967), 86 Ill. App. 2d 97, 101, 230 N.E.2d 283, *appeal denied* (1967), 37 Ill. 2d 626.) It has been the law of Illinois for many years that "interest cannot be recovered in the absence of a contract or a statutory provision." (*Gonzalez v. Danaher* (1975), 30 Ill. App. 3d 992, 994, 332 N.E.2d 603, *appeal denied* (1975), 61 Ill. 2d 597.) There was no agreement between these parties regarding interest or the rate thereof. In fact, defendants have contested the very existence of the joint venture.

The Illinois statute applicable to partnerships provides that where a partner makes any payment or advance beyond the amount of capital which he agreed to contribute, he shall be paid interest from the date of the payment or advance. (Ill. Rev. Stat. 1975, ch. 106½, par. 18(c).) The same statute provides for interest payment to a partner "on the capital contributed by him only from the date when repayment should be made." Ill. Rev. Stat. 1975, ch. 106½, par. 18(d).

■■ The parties here both concede that interest should be allowed to First Charter for the number of days during which advances by it remained outstanding. The dispute arises solely as to the interest rate. We approve the ruling of the trial court in rejecting defendants' request for fixing the rate of interest at 14 percent.

Neither section of the partnership statute above cited states the rate of

interest which may be charged in this type of situation. The Illinois statute on interest provides for interest at 5 percent per annum upon "loan or forebearance of any money" (Ill. Rev. Stat. 1975, ch. 74, par. 1), and also at the same rate "on money lent or advanced for the use of another * * *" (Ill. Rev. Stat. 1975, ch. 74, par. 2). In our opinion, 5 percent, as used by the trial court, was the correct rate. This is the only point raised by First Charter concerning the accounting.

## II.

Plaintiff has filed a notice of cross-appeal from the final judgment of June 1, 1976. Plaintiff had objected to the accounting submitted by defendants in that it failed to provide a statement of principal and interest payments received by First Charter on the purchase money mortgage it received when it sold the joint venture property. In this regard, plaintiff filed a written motion for a statement of all moneys received by First Charter, both principal and interest, in connection with the purchase money mortgage. Copies of the note and mortgage were appended to the motion. This motion was denied by the trial court.

The record shows that sometime after First Charter acquired this purchase money mortgage it was paid in full. The record does not show whether or not First Charter realized any principal profit or received any interest as a result of this transaction.

We cannot accept First Charter's theory that the joint venture came "to an end upon the sale of the property." The liquidation of the assets of the joint venture may have terminated its business activities but it did not and could not terminate the mutual fiduciary rights of the interested parties, each to the other. On dissolution, a joint venture like a partnership, "is not terminated, but continues until the winding up of partnership affairs is completed." (Ill. Rev. Stat. 1975, ch. 106½, par. 30. See *Babray v. Carlino* (1971), 2 Ill. App. 3d 241, 251, 276 N.E.2d 435, *appeal denied* (1972), 49 Ill. 2d 577.) In this regard, if First Charter had suffered a loss in connection with the purchase money mortgage transaction, it would be anticipated that plaintiff should be obliged to bear his portion of such loss.

In our opinion, plaintiff is entitled to an accounting from First Charter regarding principal profit, if any, and interest received on the purchase money mortgage. As above shown, First Charter should be entitled to interest for moneys advanced at the rate of 5 percent per annum on the amount of the purchase money mortgage from the date of sale of the real estate in question to the date of payment of the mortgage. We have above approved allowance of interest to First Charter at that rate from dates of advances in acquisition of the Foster Dee property to date of sale thereof. Any interest received on this mortgage by First

Charter over and above this 5 percent item should be divided equally between plaintiff and First Charter and principal amounts, if any, received by First Charter over and above the amount of the mortgage itself should be equally divided between the parties.

Accordingly, insofar as the final judgment order of June 1, 1976, finds that the purchase money note and mortgage were not assets of the joint venture, it is reversed and the cause is remanded to the trial court with directions that an accounting be taken between the parties concerning principal and interest profit, if any, received by First Charter on the purchase money mortgage resulting from sale of the Foster Dee property in accordance with the views above expressed.

### III.

On January 8, 1976, defendants filed a motion for sanctions against plaintiff under section 41 of the Civil Practice Act. (Ill. Rev. Stat. 1975, ch. 110, par. 41.) The motion specified a number of allegations allegedly made by plaintiff without reasonable cause and not in good faith. After a hearing, the trial court denied that motion. The trial court had previously heard this entire matter and found the issues on the merits in plaintiff's favor. The court had the advantage of seeing and hearing all of the witnesses. Undoubtedly the able trial judge was in a better position than this court to determine if each of the allegations in question were or were not made in bad faith.

■■ Furthermore, section 41 is "penal in nature, and should therefore be invoked only in those cases falling strictly within its terms." (*Murczek v. Powers Label Co.* (1975), 31 Ill. App. 3d 939, 943, 335 N.E.2d 172.) The imposition of sanctions including attorney's fees under section 41 is discretionary with the trial court. (*Murczek*, 31 Ill. App. 3d 939, 943.) In our view, from the record before us, the result reached by the trial court was well within the bounds of reasonable discretion. The order appealed from in this regard is therefore affirmed.

Accordingly, the judgment order of June 1, 1976, is reversed as regards its disposition of plaintiff's claim for an accounting of interest on the purchase money mortgage and the cause is remanded with directions in this regard. In all other respects, as regards the appeal and the cross-appeal, the judgment order of June 1, 1976, appealed from is affirmed. The order of June 28, 1976, denying sanctions against plaintiff, is affirmed.

Affirmed in part and reversed in part and remanded with directions.

McGLOON and O'CONNOR, JJ., concur.