NORBERT A. MALLIN *et al.*, Plaintiffs-Appellees, *v.* CHRISTOPHER NAJARIAN *et al.*, Defendants-Appellants.

First District (3d Division)    No. 78-1503

Opinion filed September 19, 1979.

Levin & Rosen, Ltd., of Skokie, for appellants.

Miller, Frazin, Green & Potter, of Chicago, for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiffs brought this action under the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1977, ch. 57, par. 1 *et seq.*) seeking possession of real estate. After a trial without a jury, the trial court awarded possession to plaintiffs, staying the issuance of the writ of restitution for 30 days. After completion of the 30-day stay, the court granted plaintiffs' motion for the issuance of the writ of restitution. In so doing, the trial court found that defendants had cured all defaults within the period of the stay, but had failed to file a motion to vacate the judgment within that period. Defendants appeal.

On October 18, 1976, plaintiffs as sellers and defendants as buyers entered into articles of agreement for a warranty deed for the property commonly known as 4825-31 North Springfield in Chicago. The purchase price was $150,000 to be paid, together with interest at 9½% per annum, in 216 monthly installments of $1,451.88 each. Defendants made a down payment of $15,000 on the contract. Additionally, they purchased the property subject to a second mortgage of $11,485.43, which they paid.

After defendants paid 14 monthly installments totalling $20,326.32, they became four months in arrears. On April 7, 1978, plaintiffs filed the present action. On April 24, 1978, the trial court entered judgment granting possession of the real estate to plaintiffs and staying execution for 30 days. On May 23, 1978, the 29th day of the stay, defendants tendered to plaintiffs a cashier's check for $16,000. This amount was more than the total arrearage.

Plaintiffs refused the tender. The cashier's check was payable to a third person and had been endorsed by him. When plaintiffs went to the issuing bank on the evening of the 29th day of the stay, the bank refused to pay the funds. On May 25, the bank's next business day, defendants obtained a cashier's check in the same amount payable directly to plaintiffs. Plaintiffs, however, refused to accept tender of the check and, on June 1, 1978, made a motion for issuance of the writ of restitution. Defendants filed an answer to the motion, setting forth the above facts. On the same date, after a hearing, the trial court granted plaintiff's motion

for a writ of restitution. The court found that defendants had cured the default in timely manner, but had not filed a motion to vacate the judgment for possession within the 30-day stay of execution, as required by statute. (See Ill. Rev. Stat. 1977, ch. 57, par. 13.) The trial court thereafter denied defendants' motion for reconsideration of its ruling.

The statute involved provides in pertinent part:

"If it appears on the trial that the plaintiff is entitled to the possession of the whole of the premises claimed, he shall have judgment and execution for the possession thereof and for his costs. However, if the action is based upon a breach of a contract entered into on or after July 1, 1962 for the purchase of such premises, the court, by order, may stay the issuance of the writ of restitution for a period not to exceed 60 days from the date of the judgment * * *. If during such period of stay defendant pays the entire amount then due and payable under the terms of the contract other than such portion of the principal balance due under the contract as would not be due had no default occurred plus costs and, if the contract provides therefor, reasonable attorney's fees as fixed by the court, and cures all other defaults then existing, the contract shall remain in force the same as if no default had occurred. * * * Whenever defendant cures the default under the contract pursuant to this Section defendant may within said period of stay file a motion to vacate the judgment in the court in which the judgment was entered, and, if the court, upon the hearing of such motion, is satisfied that such default has been cured, such judgment shall be vacated. Unless defendant files such motion to vacate in such court or the judgment is otherwise stayed, execution shall issue immediately upon expiration of such period of stay and all rights of the defendant in and to the premises and in and to the real estate described in the contract shall cease and determine. * * *" Ill. Rev. Stat. 1977, ch. 57, par. 13.

In the interpretation and construction of a statute, the intention of the legislature should be ascertained and given effect. (*Young v. Mikva* (1977), 66 Ill. 2d 579, 363 N.E.2d 851.) In ascertaining legislative intent, consideration must be given to the entire statutory scheme, its purposes and objectives. (*People v. Bratcher* (1976), 63 Ill. 2d 534, 349 N.E.2d 31.) Courts may also consider the necessity or reason for enacting the statute. *Jewel Companies, Inc. v. Department of Revenue* (1978), 58 Ill. App. 3d 393, 374 N.E.2d 733.

■■ The legislative purpose in permitting a contract purchaser to cure a default before permitting the seller to take possession of the real estate is apparent. The law was enacted to afford the contract purchaser an opportunity to avoid a loss of money previously paid and to avoid a

forfeiture of all rights under the contract. In the present case, defendants had made payments of over $35,000 to plaintiffs, and would suffer a large monetary loss. Additionally, all of defendants' rights under the contract would be entirely forfeited. Forfeitures are not favored by courts and parties will be relieved from such technical forfeitures when injustice results from their enforcement. (*Rose v. Dolejs* (1953), 1 Ill. 2d 280, 116 N.E.2d 402.) Moreover, the trial court found that defendants had made good tenders of $16,000 to cure the contract default, both on the 29th day of the stay and again two days later. Both tenders were rejected by plaintiffs. The trial court, nevertheless, believed itself constrained to issue the writ of restitution because defendants had failed to file a motion to vacate the judgment within the period of the stay. We believe that a reading of the statute indicates that such an interpretation is harsh and unnecessary. The legislature gave the defaulting contract buyer the entire period of the stay of execution to cure the default by paying the arrearages. Yet, were we to accept plaintiffs' view, it would mean that the legislature intended to deprive a contract purchaser of the full stay period to cure the default. This is so since the contract purchaser would not be able to vacate the judgment until after the default was cured. Consequently, as here, defendants could not file a timely motion to vacate. See, however, *Wheeler Tractor & Equipment Co. v. Myers* (1976), 39 Ill. App. 3d 735, 350 N.E.2d 562.

In sum, defendants cured the default within the period of the stay of execution; they also filed a timely answer to plaintiffs' motion for the issuance of a writ of restitution. We believe that, under the circumstances, they complied with the requirements of the statute, and that the court erred in granting plaintiffs' motion to issue the writ of restitution. See *Scott v. Freeport Motor Casualty Co.* (1942), 379 Ill. 155, 39 N.E.2d 999.

For the reasons stated, the judgment of the circuit court of Cook County is reversed.

Judgment reversed.

McGILLICUDDY and RIZZI, JJ., concur.